HILL, Circuit Judge,
dissenting:
I agree that the extensive arguments made by appellant regarding the requirements of Rule 8(c) of the Federal Rules of Civil Procedure are quite simply irrelevant. The trustee’s failure to respond did not require a decision in favor of Overhead. However, I am unable to concur in the panel’s decision with respect to the effect of Alabama code section 10-2A-160 on the validity of the appellant's security interest.
First, I must disagree with the panel’s conclusion that “Allstar did not receive authorization from its directors nor execute a corporate resolution authorizing the pledge of substantially all of its assets.” I do not think that the record is so clear. Once this issue was raised, the court gave Overhead the opportunity to supplement the record with a copy of a corporate resolution authorizing the August 9, 1984 transaction. Overhead did not produce such a resolution. The bankruptcy judge therefore held that its claimed security interest was defective and denied the stay. This does not mean that the resolution did not exist. Indeed, the trustee has better access to corporate records than the secured parties do in this context; the trustee should know whether a corporate resolution was obtained.
However, the real question is who ought to bear the burden of proving the existence of the resolution. Under the bankruptcy code, a creditor petitioning for a stay must prove that he has a valid security interest, and that the debtor has rights in the collateral. The trustee has the burden on all other issues. 11 U.S.C. § 362(g)(1), (2) [emphasis supplied]. The panel’s decision would require all Alabama creditors to produce a corporate resolution in order to demonstrate a “valid” security interest in substantially all of a debtor’s assets.
I think it ill-advised to interpret the law of Alabama so creatively. Under the Uniform Commercial Code, as adopted in Alabama, Overhead’s security interest was “valid” and Overhead perfected it by filing. We ought not add to the law of secured transactions an additional requisite for “validity,” based on a completely different section of the Alabama Business Code. If the trustee wants to challenge the legality of the transaction giving rise to the security interest, he must do so in an affirmative way, and he carries the ultimate burden of proof. The trustee must prove that substantially all of the debtor’s assets were affected, and that no corporate resolution was obtained.
Here the terms of the security agreement prove the first issue. The agreement itself encompassed all of the conceivable assets that Allstar might have pledged. The list of collateral included:
A. Inventory.
B. Accounts receivable, now existing or after acquired.
C. Rights to the payment of money, existing or after acquired.
*1537 D. Contract rights, existing or after acquired.
E. General intangibles, now owned or after acquired.
F. All interest in goods or merchandise as to which account receivable for goods sold or delivered has arisen.
G. All goods, instruments, documents of title, policies and certificates of insurance, securities, chattel paper, deposits, cash or other property owned by the debtor or in which it has no interest which are now or may hereafter be in possession of the secured party as to which the secured party may now or hereafter control possession by documents of title or otherwise.
H. All equipment, machinery and tools of trade now owned or after acquired.
I. Seeds and products of the foregoing.
This all-encompassing list is clearly intended to secure as collateral substantially all of the assets of the debtor, Allstar Building. This supports the district court’s finding that a security interest in substantially all of the debtor’s property was granted.
However, the trustee did not carry his burden with respect to the corporate resolution. It was not up to Overhead to produce one, it was the trustee’s burden to prove that one was not executed. Allstar proved the validity of his security interest. The trustee proved nothing. Therefore, Allstar ought to prevail.
Appellant argues that the trustee, because he was not a party to the challenged transaction, does not have standing to challenge the security agreement as ultra vires. Appellant maintains that the defense of ultra vires has been abolished by statute in Alabama by virtue of Title 10-2A-24, and may be asserted only in three limited circumstances (none of which are present here). Appellant cites an eighth circuit case, In Re: Terminal Moving and Storage Co., Inc., 631 F.2d 547 (8th Cir.1980) in support of this proposition. Evidently the Arkansas ultra vires statute is identical to the Alabama code provision abolishing the defense of ultra vires. In interpreting the Arkansas statute, the Eighth Circuit held that trustees in bankruptcy, because they have no greater rights than the creditors which they represent, do not have standing to attack a corporate transaction as ultra vires unless they are a party to the transaction.
I am not persuaded that the term “ultra vires” applies in this context. However, that issue need not be decided now. As noted above, I am of the opinion that it is the trustee’s duty to challenge the transaction once the debtor has proved the existence of a valid security interest and that the debtor has equity in the property. Had the trustee challenged the transaction as illegal under the Alabama Business Code, and successfully proven that a resolution was required yet never passed, Overhead could have responded by claiming that the trustee had no standing to do so. The argument about standing is best made in bankruptcy court during the initial proceedings. Because I feel the panel’s opinion unfairly adds to a secured party’s burdens in bankruptcy court, I respectfully dissent.